**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| CYNTHIA S. SPANN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-380-PRC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Cynthia S. Spann on August 26, 2016, and a Social Security Opening Brief [DE 15], filed by Plaintiff on March 3, 2017. Plaintiff, who is litigating before the Court *pro se*, requests that the December 24, 2015, partially favorable decision of the Administrative Law Judge regarding her claims for disability insurance benefits and supplemental security income be reversed and remanded for further proceedings. On June 6, 2017, the Commissioner filed a response. Plaintiff has not filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**PROCEDURAL BACKGROUND**

Plaintiff filed her application for disability insurance benefits and supplemental security income on March 12, 2013, alleging disability since October 15, 2007. She later amended her alleged disability onset date to April 24, 2011. The claim was denied initially and on reconsideration, and she requested a hearing, which was held before Administrative Law Judge Mario G. Silva (ALJ) on November 6, 2015. On December 24, 2015, the ALJ issued a partially favorable decision, making the following findings:

    1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since the amended alleged onset date.

3. Since the amended alleged onset date of disability, April 24, 2011, the claimant has had the following severe impairment[s]: cervical and lumbar degenerative disc disease and COPD/asthma. Beginning on the established onset date of disability, March 12, 2013, the claimant has had the following severe impairments: cervical and lumbar degenerative disc disease, bilateral knee degenerative joint disease, diabetes mellitus, COPD/asthma, depression, and obesity.

4. Since the amended alleged onset date of disability, April 24, 2011, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that prior to March 12, 2013, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl and never climb ladders, ropes, or scaffolds. She was unable to operate foot controls bilaterally. She was limited to work that could be performed on even terrain and on non-slippery surfaces. She could have no more than occasional exposure to extreme heat, extreme cold, wetness, humidity, environmental irritants, such as fumes, odors, dusts, or gases, and to hazards, including dangerous moving mechanical parts or unprotected heights. She required a job that would allow the use of prescription eyeglasses.

6. After careful consideration of the entire record, the undersigned finds that beginning on March 12, 2013, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl and never climb ladders, ropes, or scaffolds. She is unable to operate foot controls bilaterally. She is limited to work that can be performed on even terrain and on non-slippery surfaces. She can have no more than occasional exposure to extreme heat, extreme cold, wetness, humidity, environmental irritants, such as fumes, odors, dusts, or gases, and to hazards, including dangerous moving mechanical parts or unprotected heights. She requires a job that would allow the use of prescription eyeglasses. She is able to understand, remember, and carry out simple instructions; to make judgments on simple, work-related decisions; and to interact appropriately with coworkers, supervisors, and the general public. She is able to perform such activities within a regular schedule and be punctual within customary tolerances. However, she requires a flexible pace environment (i.e., free of production rate pace

where there are no tandem tasks or teamwork where one production step is dependent upon a prior step).

7. Prior to March 12, 2013, the claimant was capable of performing past relevant work as an insurance agent, administrative clerk, and cashier-clerk. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity.

8. Beginning on March 12, 2013, the claimant's residual functional capacity has prevented the claimant from being able to perform past relevant work.

9. The claimant was an individual of advanced age on March 12, 2013, the established disability onset date.

10. The claimant has at least a high school education and is able to communicate in English.

11. The claimant does not have work skills that are transferable to other occupations within the residual functional capacity defined above.

12. Since March 12, 2013, considering the claimant's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that the claimant can perform.

13. The claimant was not disabled prior to March 12, 2013, but became disabled on that date and has continued to be disabled through the date of this decision.

14. The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2011, the date last insured.

(AR 20-33).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision

"without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant

5

numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's RFC. The RFC "is an administrative assessment of what work-related activities an individual can perform despite her limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

**ANALYSIS**

Plaintiff argues that the ALJ's decision should be reversed due to newly-submitted evidence. The evidence at issue is a note written by Dr. Robert J. Buynak on a letter dated May 7, 2014, a February 24, 2016 letter from Dr. Buynak, and MRI testing results dated August 10, 2016. The letter was also submitted to the Appeals Council, so the Court will address the letter separately before turning to the other two pieces of evidence.

**A. Dr. Buynak's Letter**

In describing cases subject to Appeals Council review, the Social Security Regulations that were in effect at the time the Appeals Council made its decision provided that:

> [I]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.

20 C.F.R. §§ 404.970(b), 416.1470(b) (1987) (amended 2016). If the newly submitted evidence is new, material, and time-relevant, "the Appeals Council shall incorporate that evidence into the administrative record and shall then evaluate that record, including the new and material evidence." *Stepp v. Colvin*, 795 F.3d 711, 721 (7th Cir. 2015) (internal quotation marks omitted) (quoting 20 C.F.R. § 404.970(b)). The Appeals Council will then grant de novo review of the ALJ's decision if it determines that, based on the record as supplemented, the ALJ's conclusions are contrary to the weight of the evidence. *Id.*

The Court's ability to review the Appeals Council's decision regarding newly submitted evidence depends on the Appeals Council's reason for its decision. *Id.* at 722. If the Appeals Council determines that the evidence is "non-qualifying"—that is, not new, material, and time-relevant—then the Court has the ability to review for legal error the conclusion that the evidence

is non-qualifying. *Id.* (citing *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012); *Eads v. Sec'y of the Dep't of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993)). However, if the Appeals Council determines that the evidence is qualifying under the regulation but denies de novo review of the ALJ's decision because the Appeals Council determines that the record as supplemented does not demonstrate that the ALJ's decision was contrary to the weight of the evidence, that decision to deny review is "discretionary and unreviewable." *Id.* (quoting *Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1994)).

The Commissioner argues that the Appeals Council found the letter to be qualifying and determined that it did not render the ALJ's decision contrary to the weight of the evidence and, in the alternative, that the Appeals Council denied review because the letter is not new, material, or time-relevant and that this determination is correct because the letter is not material.

The Court must first determine whether the Appeals Council found the letter to be qualifying. Here, the Appeals Council indicated that it received additional evidence from Plaintiff, including the February 24, 2016 letter from Dr. Buynak. The Appeals Council specifically listed some of the submitted evidence as not new and some of the submitted evidence as not material. The letter is not listed in either category. The Court can therefore infer that the Appeals Council found the letter to be new and material. *See id.*, at 723-24 (finding that the court can infer from the express designation of some sets of records as not time-relevant that other records are time-relevant). However, there is no statement explicitly or inferentially indicating that the Appeals Council found the letter to be time-relevant. The letter is not specifically mentioned in the Appeals Council's denial other than the letter's inclusion in a list of new exhibits, and the inclusion of newly submitted evidence as an exhibit is not sufficient to show that the Appeals Council considered the evidence to be qualifying.

8

*Id.* at 724. Following precedent set by the Seventh Circuit Court of Appeals, the Court cannot conclude that the Appeals Council found the evidence to be qualifying and considered whether the letter would have been sufficient to change the ALJ's decision. *Id.* at 725 (citing *Farrell*, 692 F.3d at 771). Thus, the Court must determine de novo whether the letter is new, material, and time-relevant.

The Commissioner only argues that the letter is not material. The text of the letter confirms that it is time-relevant, and the Court is unaware of elsewhere in the record where the letter appears. In light of the Court's review and the Commissioner's lack of argument on the matter, the Court determines that the letter is time-relevant and new. The remaining issue is whether the evidence is material.

Evidence is material, for the purpose of Appeals Council review, if it creates a "reasonable probability that the Commissioner would have reached a different conclusion" if the evidence had been considered. *Id.* at 725 (citing *Perkins*, 107 F.3d at 1296). The text of Dr. Buynak's letter states:

> Cynthia Spann . . . has been my patient intermittently. In May 2011 she participated in a clinical study that included treatment of Hepatitis C infection. She received treatment including interferon therapy for approximately one year. During that time she suffered from multiple side effects of the therapy including pain, fatigue and depression. She was disabled from working during that time period.

(Opening Brief, Ex. B, ECF No. 15).

The Commissioner argues that, had the letter been before the ALJ, the letter would not have altered the ALJ's opinion. The Court disagrees. As the Commissioner correctly points out, whether Plaintiff is disabled is a determination reserved for the Commissioner. 20 C.F.R. §§ 404.1527(d)(1); 416.927(d)(1). The remainder of the letter, however, undermines the ALJ's determination of

9

Plaintiff's credibility.[1] The ALJ noted that Plaintiff testified that she had hepatitis C treatment in 2011. The ALJ found that Plaintiff's statements were not fully credible for the reasons stated in his opinion, which include discussion of the gap in Plaintiff's treatment records from May 2011 to October 2012.

The Commissioner concedes that the purported gap in Plaintiff's treatment appears to cover the period of time discussed in Dr. Buynak's letter and that the ALJ did not properly inquire as to the reasons for the gap in treatment.[2] The Commissioner argues that the letter is nonetheless immaterial because the ALJ gave several other reasons for finding Plaintiff's statements of her symptoms to be not fully credible. However, the Commissioner does not identify what these other reasons are. The portions of the record cited in the Commissioner's brief describe treatment of Plaintiff's hepatitis C, but they do not provide an explanation for what the ALJ deemed to be a gap in Plaintiff's treatment, which is the perceived deficiency in the record that the letter cures.

The Commissioner also argues that the letter is immaterial because the records that would have supported Dr. Buynak's statements in the letter cannot be produced because they are the proprietary data of the company that ran the clinical study. Though the clinical study data is not in evidence, there is evidence in the record supporting the letter. Treatment notes from May 4, 2011, indicate that the plan for Plaintiff's hepatitis C is to "send over for study." (AR 559). Further, though

---

[1]On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ now assesses a claimant's subjective symptoms rather than assessing her "credibility." However, SSR 16-3p is not retroactive; therefore, the "credibility determination" in the ALJ's November 4, 2015 decision was governed by the standard of SSR 96-7p.

[2]Social Security Ruling 96-7p provides that the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7p, 1996 WL 374186, *7 (July 2, 1996). Because remand is required on other grounds, the Court need not address this issue, which Plaintiff does not raise.

"[a]n ALJ is entitled to evaluate the evidence and explanations that support a medical source's findings," *Simila v. Astrue*, 573 F.3d 503, 516 (7th Cir. 2009), the statement that Plaintiff underwent the clinical study is not a medical finding based on the clinical study's data. For example, Dr. Buynak is not asserting that the results of the study alter Plaintiff's diagnosis. Rather, he is explaining that Plaintiff did not have a gap in her treatment because she was in the clinical study.

The Court finds that there is a reasonable probability that, had the letter been before the ALJ—and, therefore, the apparent gap in Plaintiff's treatment explained—the ALJ would have evaluated Plaintiff's credibility differently and reached a different result. The letter is new, material, and time-relevant. The Appeals Council's decision to the contrary is legal error. Accordingly, the Court remands this matter to the ALJ for a new decision. *See Stepp*, 795 F.3d at 726 (remanding to the ALJ for new decision upon finding legal error in the Appeals Council's determination that newly submitted evidence was non-qualifying).

### B. Dr. Buynak's Note and MRI Testing Results

The other evidence that Plaintiff submitted to the Court, that is, Dr. Buynak's note and the MRI testing results, was not presented to the Appeals Council, so the Court's review is guided by sentence six of 42 U.S.C. § 405(g). Sentence six provides that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; . . . . 42 U.S.C. § 405(g). The plaintiff bears the burden of demonstrating that remand is appropriate under sentence six. *Jenz v. Barnhart*, 347 F.3d 209, 214 (7th Cir. 2003).

Evidence is new if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Id.* (quoting *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993)). New evidence is material if there is a "reasonable probability" that the ALJ would have reached a different disposition if presented with the new evidence. *Id.* (quoting *Perkins,* 107 F.3d at 1296). Further, under sentence six remand, evidence is material only if it "relate[s] to the claimant's condition during the relevant time period encompassed by the disability application under review." *Johnson v. Apfel*, 191 F.3d 770, 776 (7th Cir. 1999) (quoting *Anderson v. Bowen*, 868 F.3d 921, 927 (7th Cir. 1989)).

Here, the MRI testing results are from over three years after the date on which the ALJ found Plaintiff to be disabled. This evidence does not relate to Plaintiff's condition during the time period encompassed by the disability application at issue here. The other piece of evidence, Dr. Buynak's note, is not material. The note merely states that Dr. Buynak is not Plaintiff's physician and cannot fill out a medical information request. There is no reasonable probability that the ALJ would have reached a different result if this note were before him.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief sought in the Social Security Opening Brief [DE 15], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** the case for further proceedings.

So ORDERED this 11th day of August, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Plaintiff Cynthia S. Spann, *pro se*